DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a conviction and sentence for gross sexual imposition entered in the Lucas County Court of Common Pleas.
Appellant, David Garza, pled guilty to a single count of gross sexual imposition arising out of a 1999 sexual assault. The trial court accepted the plea and sentenced appellant to twelve months imprisonment to be served consecutively to sentences of incarceration imposed in Wood and Allen counties.
On appeal, appellant's appointed counsel has filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, in which counsel states that he has carefully examined the record and law in appellant's case and has concluded that no meritorious grounds for appeal exist. Accompanying appellate counsel's brief is a motion to withdraw.
Pursuant to Anders, appellate counsel suggests as a possible assignment of error that the imposition of consecutive sentences might have violated R.C. 2929.41.
Additionally, subsequent to submission of this case to the court, appellant filed his own "brief" which we shall deem justifiably delayed and we shall consider it in this matter. Appellant also complains that the imposition of consecutive sentences was improper and suggests that the sentencing court's finding that appellant's prior convictions involved physical harm was erroneous. He also asserts that the court mistakenly believed appellant's Wood County sentence was for eighteen months, rather than nine months.
R.C. 2929.14(E)(4)(c) provides that a sentencing court may impose consecutive sentences if such are not disproportionate to the seriousness of the offender's conduct and that consecutive sentences are necessary to protect the public. The court specifically found that to be the case in this matter.
Appellant's assertion that the trial court was mistaken about the length of his Wood County sentence is correct, but irrelevant to whether his sentence should be served consecutively to that.
With respect to the question of physical harm, appellant seems to have his own definition of the term. The offense he pled to involved an attack on a fifteen year old girl — a stranger to him. He sprung on the girl, grabbing and holding on to her breasts. This is sufficient to satisfy the statutory definition of "Physical harm to persons" which is, "* * * any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). Appellant's prior convictions for gross sexual imposition involved similar behavior.
Consequently, we conclude that the relevant underlying findings of the sentencing court are correct and support the court's conclusions under R.C. 2929.14(E). Therefore, the possible error presented is without merit.
Moreover, we have conducted our own independent and thorough review of the record to determine whether the proceedings below were free from prejudicial error and conducted without infringement of appellant's constitutional rights. We find no such error.
We conclude, therefore, that this case presents no arguable issues meriting review; we further determine this appeal to be without merit and wholly frivolous. Appellate counsel's motion to withdraw is hereby granted. The judgment of the Lucas County Court of Common Pleas affirmed. Costs to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ______________________ James R. Sherck, JUDGE
Melvin L. Resnick, J. and Richard W. Knepper, J. CONCUR.